

**Entered on Docket**
**April 07, 2009**

_Bruce A. Markell_

_____
**Hon. Bruce A. Markell**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * * *

In re:                                              )
                                                    )        BK-S-08-20843-BAM
NORMA JEAN SATTIEWHITE,                              )
                                                    )        Chapter 7
                Debtor.                             )
                                                    )        Date:        March 10, 2009,
                                                    )                     March 31, 2009
                                                    )        Time:        2:30 p.m.,
                                                    )                     4:00 p.m.
_____                    )        Courtroom:   3

**OPINION AFTER HEARING**

The court, on its own motion, ordered Amy C. Dziedzic to appear and show cause why the fees charged for bankruptcy petition preparation services were not unreasonable and why an injunction preventing Ms. Dziedzic from acting as a bankruptcy petition preparer should not be entered (dkt. #27).  Ms. Dziedzic failed to appear at the March 10, 2009, hearing–in person, or through counsel.  For reasons set forth below, the court continued the show cause hearing until March 31, 2009, and gave notice of the continuance to Ms. Dziedzic.  Ms. Dziedzic again failed to appear.

**1.  Order to Disgorge Fees**

Section 110 (h)(3)(A) provides:

> The court shall disallow and order the immediate turnover to the bankruptcy trustee any fee . . . found to be in excess of the value of any services– (i) rendered by the bankruptcy petition preparer during the 12-month period immediately preceding the date of the filing of the petition.

The Office of the United States Trustee promulgates guidelines regarding the conduct

and compensation of bankruptcy petition preparers ("BPP") in this district and has set a presumptively reasonable maximum fee for a chapter 7 case at $150.00.[1]  In this case, however, Ms. Dziedzic charged the debtor $500.00.  Ms. Dziedzic's justification for her excessive fee stems from her mistaken belief that because the costs and fees associated with BPP services have risen since the guideline was promulgated, the guideline no longer reflects the reasonable value of her services. Ms. Dziedzic asserts that the guideline fee includes, and thus requires, a BPP to perform and pay for additional services such as document preparation, filing, photocopying, messenger services, postage, telephone, and notices, and that once these services are included, the $150.00 fee is unreasonable.  However, the guideline states that the total fee of $150.00 is "for service fees and expenses including document preparation, filing, photocopying, messenger services, postage, telephone, and notices."  This guideline merely suggests that no more may be charged for these additional services, but it does not require that any of these services be performed–with the potential exception of creating one photocopy of the petition in order to comply with § 110(d), which requires a BPP to provide a copy of any filed document to the debtor.

     In Ms. Dziedzic's "Amended Disclosure of Compensation," filed with the court on March 4, 2009, she offered two additional reasons for her $500.00 fee (dkt. #35).  First, the fee included 5.5 hours of the debtor's computer usage time at $0.40 per minute, and second, Ms. Dziedzic states that she provided Ms. Sattiewhite with three hours of bill organization services at $30.00 per hour.  The computer usage fee is unreasonable; a debtor may use any public library's computer for free.  Also, Ms. Dziedzic asserts that her rate of $0.40 per minute for computer use beats the Kinko's rate of $1.15 per minute.  Ms. Dziedzic is wrong.  In Las Vegas, the court takes judicial notice that all FedEx/Kinko's advertise that they charge $0.20 per minute for internet use with the exception of its store located near the Convention Center that charges $0.40 per minute. With regard to the bill organization services, Ms. Dziedzic has not provided the court with any

---

[1]*See* Office of the United States Trustee, *Guidelines for Petition Preparers in the District of Nevada*, ww.usdoj.gov/ust/r17/Guidelines_BPP.pdf [hereinafter "Guidelines"].

1  information as to what was done in these three hours to justify a rate of $30.00 per hour.

2  The court believes that Ms. Dziedzic's addition of computer usage charges and bill

3  organization fees are *ad hoc* maneuvers by Ms. Dziedzic in order to make her fees seem more

4  reasonable. However, even if $132.00 for computer usage and $90.00 for bill organization services

5  were deducted from the entire fee as separate allowable fees, Ms. Dziedzic's fee for BPP services

6  would be $278.00, still well above the maximum fee allowed by the guidelines.

7  However, as the maximum fee is only a presumed reasonable fee, Ms. Dziedzic was

8  given the opportunity at the show cause hearings to carry the burden of proving that her fee

9  represented the value of her service. *See* <u>In re Woodward</u>, 314 B.R. 201, 205 (Bankr. N.D. Iowa

10  2004). Section 330 (a)(3)(A)-(F) provides the court with relevant factors that may be considered in

11  determining reasonable compensation for professionals other than BPPs, including such factors as

12  time spent on services, whether the fee is comparable to other similar practitioners, and the

13  complexity of the services.[2]

14  Under § 110(e)(2)(A) & (B), a BPP is prohibited from offering a debtor any legal

15  advice, and as such, a BPP may only perform the modest services of a typist. <u>In re Bush</u>, 275 B.R.

16  69, 84 (Bankr. D. Idaho 2002). Ms. Dziedzic's claim that her higher fee is reasonable because

17  bankruptcy documents today are more complex and lengthier than the document's existing when the

18  guideline was originally promulgated fails. While the complexity and lengths of the documents

19  may have changed, the BPP's role in the bankruptcy process is limited to typing into the documents

20  what the debtors have provided them. The enhanced complexity and length of the documents may

21  require debtors to expend additional time gathering and organizing information to ensure the

22  completeness and accuracy of their petitions and schedules, but the BPP is generally unaffected as

23  she can only "fill in the blanks."

24  _____

25  [2]Section 330(a)(3)(A)-(F) applies to compensation of professional person's employed by the
   estate to administer the estate, the factors in this section are informative in determining the
26  reasonableness of a fee in conjunction with the services rendered.

1         In addition, Ms. Dziedzic choice to prepare bankruptcy petitions for prospective debtors

2    in the District of Nevada is such that it requires her to comply with the bankruptcy rules that govern

3    such filings.  Ms. Dziedzic cannot make up her own rules and ignore local rules of this court.

4    <u>Marshall v. Gates</u>, 44 F.3d 722, 724-25 (9th Cir. 1995).  Local Rule 9011(d) allows the U.S. trustee

5    to issue guidelines concerning bankruptcy petition preparers.[3]

6         The maximum fee for BPP services in a chapter 7 case is not the only guideline Ms.

7    Dziedzic has ignored.  The guidelines require court approval prior to payment of any fee in excess

8    of the $150.00 maximum and requires the BPP to provide notice of the guidelines to the debtor prior

9    to the BPP doing any work or receiving any compensation from the debtor.  To ensure the BPP

10   complies with notice and informs the debtor of the fee maximum, the guidelines require the debtor

11   and BPP to sign a notice document and attach the signed original to the first document filed in the

12   case.

13        Ms. Dziedzic's answer to the show cause order and response to the U.S. trustee's

14   response failed to prove the reasonableness of her fee. In addition, her failure to appear at the March

15   10, 2009, and March 31, 2009, hearings support the court's finding that Ms. Dziedzic is unable to

16   prove that the fees charged represent the value of her services.

17        The court finds Ms. Dziedzic in violation of 11 U.S.C. § 110(h) and requires the

18   disgorgement of the entire fee paid in this matter, $500.00, as ordered in the "Order of

19   Disgorgement and Permanent Injunction."

20        **2.  Permanent Injunction**

21        Section 110(j) provides the court the power to enjoin a BPP from conduct in violation

22   of the Code or from further acting as a bankruptcy petition preparer.  The pertinent language of

23   § 110(j) provides:

24

25       [3]Local Rule 9011(d) states: "The United States trustee may issue guidelines in connection with

26   the provisions of 11 U.S.C. § 110 setting forth positions that the trustee will generally follow in
relation to petition preparers."

(1) A debtor for whom a bankruptcy petition preparer has prepared a document for filing, the trustee, a creditor, or the United States trustee in the district in which the bankruptcy petition preparer resides, has conducted business, or the United States trustee in any other district in which the debtor resides may bring a civil action to enjoin a bankruptcy petition preparer from engaging in any conduct in violation of this section or from further acting as a bankruptcy petition preparer.

(2)(A)  In an action under paragraph (1), if the court finds that–        (i) a bankruptcy petition preparer has–
(I) engaged in conduct in violation of this section or of any provision of this title; [or] . . .
(III) engaged in any other fraudulent, unfair, or deceptive conduct; and
(ii) injunctive relief is appropriate to prevent the recurrence of such conduct, the court may enjoin the bankruptcy petition preparer from engaging in such conduct.
(B)  If the court finds that a bankruptcy petition preparer has continually engaged in conduct described in subclause (I), (II), or (III) of clause (i) and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title, has not paid a penalty imposed under this section, or failed to disgorge all fees ordered by the court, the court may enjoin the person from acting as a bankruptcy petition preparer.

Injunctive relief is an extraordinary remedy and implicates a bankruptcy petition preparer's opportunity to operate a business, therefore, all the requirements of notice and due process are required before an injunction may be issued.  Section 110(j)(1) states that a civil action to enjoin a BPP may be initiated by the debtor, creditor, trustee, or U.S. trustee.  The Ninth Circuit Bankruptcy Appellate Panel, however, has stated that § 105(a) permits a bankruptcy judge to raise the matter so long as the "bankruptcy petition preparer receives essentially the same procedural protections that would be afforded in an adversary proceeding."[4]  In re Graves, 279 B.R. 266, 272

---

[4]The court recognizes that some courts disagree with the Ninth Circuit B.A.P. and hold that a bankruptcy court may issue an injunction under § 110 (j) only in the context of an adversary proceeding initiated by a debtor, creditor, trustee, or U.S. trustee. See Fulton v. McVay, 318 B.R. 546, 554 (D. Colo. 2004).

5

(9th Cir. B.A.P. 2002).  The order to show cause provided adequate notice to Ms. Dziedzic that the court was considering whether injunctive relief was appropriate under the circumstances (dkt. # 27).  In this hearing, Ms. Dziedzic was given the opportunity to answer and respond to the order, appear at the hearing and present evidence in support of her position, as well as discovery abilities such as subpoena powers.  At the hearing, the U.S. trustee assumed the role of the entity seeking the injunction.  Ms. Dziedzic was provided with notice and an opportunity for a hearing, therefore, she received all necessary procedural protections.

The court finds two grounds upon which injunctive relief is appropriate: (1) Ms. Dziedzic has before, and continues to, charge fees in excess of the maximum fee set by the U.S. trustee, and (2) Ms. Dziedzic has engaged in fraudulent, unfair, or deceptive conduct.

Ms. Dziedzic argues that because the U.S. Supreme Court and the Judicial Conference of the United States have not prescribed any guidelines setting a maximum allowable fee chargeable by a BPP that she may charge what she believes is reasonable.  This is not so.  Local Rule 9011(d) is applicable and requires BPPs to follow the guidelines promulgated by the U.S. trustee.[5]  In this case, Ms. Dziedzic has violated these guidelines as she charged a fee in excess of the $150.00 maximum.  Ms. Dziedzic cannot offer a reasonable explanation why her exorbitant fee is not in excess of the value of her services.  The charging of excessive fees is not new to Ms. Dziedzic as this court has previously ordered her to disgorge her fees in an unrelated case.[6]  In addition, at the hearing on this matter the U.S. trustee has established a pattern of Ms. Dziedzic charging excessive compensation for her services.  The U.S. trustee submitted receipts into evidence bearing Ms. Dziedzic's signature that show that she received compensation in amounts ranging from $425.00 to $550.00 for BPP services in numerous chapter 7 and chapter 13 cases.[7]

_____

[5]Local bankruptcy rules, such as LR 9011, are authorized by FED. R. BANKR. P. 9029.

[6]In re Henry, Ch. 7 Case No. 08-20287, dkt. #36.

[7]The proffered receipts, signed by Ms. Dziedzic, can be treated as the written assertions of Ms. Dziedzic herself and are therefore admissible under FED. R. EVID. 801(d)(2)(a) as an admission by a

1    Ms. Dziedzic's continued violation of the U.S. trustee's maximum fee guideline

2  constitutes grounds for injunctive relief to prevent a subsequent violation.

3    Secondly, Ms. Dziedzic has engaged in conduct that is fraudulent, unfair, and

4  deceptive.  The Bankruptcy Appellate Panel for the Ninth Circuit has held that when a BPP fails to

5  sign a debtor's bankruptcy petition as required by § 110(b) & (c), or to file the declarations as

6  required by § 110(h), this amounts to making "false statements to the court and intentionally

7  conceal[ing] their involvement as BPPs, which is fraudulent, unfair, and deceptive conduct."  In re

8  Reynoso, 315 B.R. 544, 553 (9th Cir B.A.P. 2004).  A BPP is required to make these declarations

9

10  party opponent.  U.S. v. Williams, 837 F.2d 1009, 1013-14 (11th Cir. 1988) (receipts which bore the initials of the defendant himself are admissible as an admission of the defendant himself under FED.

11  R. EVID. 801(d)(2)(a)).  The signatures on the receipts have been compared to Ms. Dziedzic's known signature from her numerous court filings and the similarity of the signatures is sufficient.

12       In the alternative, the receipts are excepted from hearsay under the residual exception of FED. R. EVID. 807 as they have equivalent circumstantial guarantees of trustworthiness.  Ms. Dziedzic failed

13  to attend the show cause hearing, and in the process avoided being questioned regarding the fees she has charged in connection with BPP services.  Other than the testimony of every past client of Ms.

14  Dziedzic, these receipts are material and more probative on the point for which they are offered as they show the very nature of what is being proved, that she charged amounts listed on each receipt for BPP

15  services.  Ms. Dziedzic's failure to appear was willful, therefore, she should not be able to benefit from her willful conduct.  Had the U.S. trustee had the opportunity to question Ms. Dziedzic, the receipts

16  could have been excluded from hearsay under the business records exception in FED. R. EVID. 803(6) as they are records regularly kept by Ms. Dziedzic in her ordinary course of business.

17
      In addition, the receipts presented by the U.S. trustee have many similarities so as to provide

18  this court with additional circumstantial guarantees of trustworthiness, such as all coming from the same receipt book, formatted in similar fashion, and the amounts which Ms. Dziedzic admits to

19  accepting from certain clients in her court filings match the amounts on some of the receipts for those same clients.

20       The notice requirement of FED. R. EVID. 807 was not met as the U.S. trustee did not notify Ms.

21  Dziedzic that he would be introducing the receipts into evidence.  However, in the U.S. trustee's brief to the court regarding Ms. Dziedzic's show cause hearing, the U.S. trustee mentions at fn.17 eight

22  separate cases where the trustee states that "there is evidence of excessive fees charged."  Each case is named separately, and the amount charged is listed.  Ms. Dziedzic was given notice that the U.S.

23  trustee would be presenting evidence to prove she took specific amounts of money from these named clients.  In addition, Ms. Dziedzic's willful failure to appear at the show cause hearing makes the

24  notice requirement a moot point.  The purpose of the notice requirement is to give a party an opportunity to prepare to defend against the evidence that will be presented against them at trial.  Ms.

25  Dziedzic willfully chose to not attend the hearing, and was therefore not prejudiced by the introduction of these receipts without her prior notice.

26

7

under penalty of perjury to ensure that debtors are aware of the limited services a BPP may provide them and to ensure that debtors are not paying excessive fees for essentially typing services. Ms. Dziedzic has, on repeated occasions, received compensation for BPP services performed, yet she has failed to sign and file the required declarations on the debtor's petitions and schedules.

The receipts offered by the U.S. trustee confirm that Ms. Dziedzic charged and received compensation for BPP services in numerous cases, including In re Delora, Ch. 13 No. 09-11029, In re Pearl, Ch. 7 No. 08-21719, In re Salquero, Ch. 7 No. 08-24645, and In re Marchis, Ch. 7 No. 08-23406, but her name does not appear in any of the filed documents in those cases. Ms. Dziedzic stated in her response to the U.S. trustee response to the order to show cause, that she has no knowledge of the above listed cases. Ms. Dziedzic has intentionally concealed her involvement as a BPP in the above cases by failing to sign and file the required declarations. As such, Ms. Dziedzic's conduct was unfair and deceptive under Reynoso and is grounds for injunctive relief to prevent subsequent violations of this type.

While injunctions preventing Ms. Dziedzic from charging excessive fees and requiring compliance with the declaration requirements of § 110 (b), (c), & (h) may prevent Ms. Dziedzic from such conduct in the future, the court does not believe that these injunctions will be sufficient to prevent Ms. Dziedzic from interfering in the proper administration of the Code in this District. Ms. Dziedzic's violations of the Code go beyond charging excessive fees and concealing her role as a BPP. On three separate occasions, Ms. Dziedzic has willfully refused to appear at her show cause hearings even though ordered by the court to do so.[8] Mr. Dziedzic has also failed to comply with

---

[8]See In re Henry, Ch. 7 No. 08-20287, dkt. #14 ("Order For to Show Cause Why Amy C. Dziedzic Should Not be Found in Violation of 11 U.S.C. § 110(h), Required to Turn Over Excess Fees Charged, Found in Violation of Federal Rule of Bankruptcy Procedure 9011"); In re Sattiewhite, Ch. 7 No. 08-20843, dkt. #27 ("Order For to Show Cause Why Amy C. Dziedzic Should Not be Found in Violation of 11 U.S.C. § 110(h), Required to Turn Over Excess Fees Charged, Found in Violation of Federal Rule of Bankruptcy Procedure 9011, and Why an Injunction Preventing Ms. Dziedzic from Acting as Bankruptcy Petition Preparer Should Not Be Entered"); In re Sattiewhite, Ch. 7 No. 08-20843, dkt. #38 ("Order Continuing Order to Show Cause").

the court's order requiring Ms. Dziedzic to disgorge all fees in the Henry matter.[9]  Due to the continuing and extreme nature of Ms. Dziedzic's behavior, an injunction against Ms. Dziedzic from further acting as a bankruptcy petition preparer is appropriate as an injunction prohibiting specific conduct will not be sufficient to prevent her interference with the proper administration of the Bankruptcy Code.

When issuing an injunction against a BPP from further acting as a petition preparer, courts have regularly modified the formal requirements of other types of injunctive relief.[10]  In their place, courts have routinely issued injunctions based on the continuous and egregious nature of the BPP's conduct alone.  *See e.g.*, In re Bernales, 345 B.R. 206, 228-29 (Bankr. C.D. Cal. 2006); In re Howard, 351 B.R. 371, 383 (Bankr. W.D. La 2005).  Ms. Dziedzic's total lack of remorse or contrition in her actions, as well as her continued defiance of bankruptcy rules and court orders, makes injunctive relief the only practical means of preventing Ms. Dziedzic from her blatant and continued interference in the proper administration of the Code in this District.  Therefore, the court permanently enjoins Ms. Dziedzic from acting as a bankruptcy petition preparer in this district as ordered in the "Order of Disgorgement and Permanent Injunction."

---

[9]In re Henry, Ch. 7 No. 08-20287, dkt. #36 ("Order Finding Amy C. Dziedzic in Violation of 11 U.S.C. § 110(h), and Requiring Disgorgement of Fees).  Ms. Dziedzic raised the issue of inadequate notice regarding this disgorgement order.  While the court believes that Ms. Dziedzic did have actual notice of the disgorgement order as she is known to frequently check PACER, the court wanted to ensure adequate notice to Ms. Dziedzic and had the order resent on March 11, 2009, to various known addresses of Ms. Dziedzic (dkt. #43).  The court gave Ms. Dziedzic an additional two weeks to comply with the disgorgement order, however Ms. Dziedzic has admitted that she has not complied with the order.  On March 30, 2009, Ms. Dziedzic filed with the court an "Ex Parte Motion for Reconsideration Based on Newly Discovered Evidence"stating that she had returned $200.00 to Mr. Henry.  (In re Henry, Ch. 7 No. 08-20287, dkt. #46.)  While generous of Ms. Dziedzic to return money to a needy debtor, she has not complied with the court's order to disgorge the entire fee of $450.00 and pay the money over to trustee Lisowski.

[10]Injunctive relief is appropriate only upon the establishment of a violation of the Code by the BPP, a showing that harm is likely to occur if an injunction is not issued, upon a balancing of the equities where the injury that will be suffered by the public in allowing the BPP to continue to operate in that capacity is greater than the damage the injunction will cause to the BPP, and last, the injunction is in the public interest. *See* Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374, 381 (2008).

1        IT IS SO ORDERED.

2    Copies sent to:

3    U.S. TRUSTEE - LV - 7
     USTPRegion17.LV.ECF@usdoj.gov

4
     WILLIAM A LEONARD
5    biff7tte@mindspring.com, ca46@ecfcbis.com

6    AMY C. DZIEDZIC
     4067 PLEASANT RD
7    LAS VEGAS, NV 89108

8    AMY C. DZIEDZIC
     912 N. JONES BLVD
9    LAS VEGAS, NV 89108

10   AMY C. DZIEDZIC
     840 S. RANCHO DR., STE.4-234
11   LAS VEGAS, NV 89106

12   NORMA JEAN SATTIEWHITE
     915 H STREET
13   LAS VEGAS, NV 89106

14
     AUGUST B. LANDIS
     300 LAS VEGAS BLVD. S., #4300
15   LAS VEGAS, NV 89101

16

17                        # # #

18

19

20

21

22

23

24

25

26